NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianllp.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianllp.com
PATTY W. CHEN, SBN 322992
patty.chen@salisianllp.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone:   (213) 622-9100
Facsimile:    (800) 622-9145

MARISA D. POULOS (SBN 197904)
marisa.poulos@amerisbank.com
**AMERIS BANK**
575 Anton Boulevard, Suite 1080
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> SOSUMI HOLDINGS, INC., a Florida corporation, doing business as INTECH PRINTING & DIRECT MAIL; and RODNEY HELD, an individual, <br><br> Defendants. | Case No.: <br><br> **PLAINTIFF AMERIS BANK D/B/A BALBOA CAPITAL'S COMPLAINT FOR:** <br><br> **1. BREACH OF EQUIPMENT FINANCING AGREEMENT** <br><br> **2. BREACH OF PERSONAL GUARANTY** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital Corporation ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1.     Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital Corporation as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2.     Defendant Sosumi Holdings, Inc, doing business as Intech Printing & Direct Mail ("Sosumi") is, and at all times relevant to this action was, a Florida corporation with its principal place of business in the County of Collier, State of Florida.

3.     Defendant Rodney Held ("Held") (collectively with Sosumi, "Defendants"), an individual, is, and at all times relevant to this action was, a resident of the County of Collier, State of Florida, and was an officer, director, shareholder, agent and/or owner of Defendant Sosumi.  Based on information and belief, including the Driver's License submitted by Held to Balboa, Held is domiciled in Naples, FL 34113-3054.

4.     Plaintiff is informed and believes, and thereon alleges, that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

Salisian|Lee LLP

COMPLAINT

5.     The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

6.     Pursuant to the Equipment Financing Agreement and the Personal Guaranty described herein, Defendants agreed those documents would be governed by the laws of the State of California.  In addition, each Equipment Financing Agreement provides, in pertinent part, as follows:

> **General**.  This Agreement **will be governed and construed under the laws of the State of California** without reference to its principle of conflicts of laws and is deemed to have been made and performed in Orange County, CA. **You submit to the exclusive and mandatory jurisdiction of CA** and agree that the CA state courts and/or the United States District Court for the Central District of California, Santa Ana Division, will have exclusive and mandatory jurisdiction over any action or proceeding to enforce this Agreement or any action or proceeding arising out of this Agreement.

7.     <u>Jurisdiction</u>.  This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

8.     Specifically, as described above, Balboa is a citizen of the States of Georgia and California; Sosumi is a citizen of the State of Florida; and Held is a citizen of the State of Florida.  As such, neither Sosumi nor Held is a citizen of Georgia or California, and there exists complete diversity of citizenship between Plaintiff and Defendants.  Finally, as alleged herein, the amount in controversy exceeds $75,000.

9.     <u>Venue</u>.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

10.     All officers of Balboa, including all witnesses, and all of Balboa's documents are located in the State of California, County of Orange.  The transactions at issue in this Action occurred in the State of California, County of Orange.

COMPLAINT

Salisian|Lee LLP

## FIRST CAUSE OF ACTION

### (Breach of Equipment Financing Agreement)

### (Against Sosumi)

11.     Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

12.     Prior to June 2022, Balboa is informed and believes that Sosumi initiated and engaged with Coker & Associates of South Carolina LLC, located at 1101 West Blue Ridge Dr. Greenville, SC 29609 (the "Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as "Collateral") for its business.  The Equipment Vendor worked with Sosumi in the selection of the Collateral and in coordinating its delivery.

13.     Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Sosumi's electronic credit application to Balboa and other financial institutions.  Upon review, Sosumi concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements.  Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation and financial information from Sosumi to finance the Collateral being supplied by the Equipment Vendor.

14.     On or about June 16, 2022, Sosumi executed a certain written Equipment Financing Agreement No. 405449-0000 (the "EFA"), under the terms of which Balboa loaned to Sosumi the sum of Two Hundred Thirty-Six Thousand Seven Hundred Four Dollars and Twenty-Seven Cents ($236,704.27) in order to finance the Collateral for its business.  The EFA required Sosumi to make fifty-nine (59) monthly payments of $5,165.08, payable on the 29th day of each month beginning August 29, 2022.  A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

Salisian|Lee LLP

COMPLAINT

15.     The last payment received by Balboa was credited toward the monthly payment due for June 29, 2025. Therefore, on or about July 29, 2025, Sosumi breached the EFA by failing to make the monthly payment due on that date. Sosumi's failure to make timely payments is a default under the terms of the EFA.

16.     In accordance with the EFA, and as a proximate result of Sosumi's default thereunder, Balboa declared the entire balance of payments under the EFA to be immediately due and payable to Balboa.  Therefore, there became due the sum of $123,961.92.  These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Sosumi.

17.     Pursuant to the "Default and Remedies" section on page 3 of the EFA, in the event of a default, Balboa may: "… (c) accelerate and declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by us …" Balboa's calculation of the 3% discount is made pursuant to a present-value ("PV") accounting formula that is calculated to discount each future monthly accelerated payment down to what the present value would be in today's dollar figure.  For example, a payment owed exactly one year from today would be discounted by the full 3%, whereas earlier payments would be discounted by less, and further payments would be discounted by more.  Based upon this formula, Balboa calculated that the amount due totaled $110,705.25 ("PV'D Rent").

18.     In addition to the PV'D Rent, Defendants owed the monthly payments for July 29, 2025 and August 29, 2025 in the amount of $10,330.16, which had not been accelerated at the time of default as it was already due and payable. Accordingly, the total amount owed by Defendants at the time of default was **$121,035.41**.

19.     Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of Sosumi.

4

COMPLAINT

20.    As a proximate result of Sosumi's breach of the EFA, Balboa has been damaged in total sum of $121,035.41, plus prejudgment interest from July 29, 2025, until the entry of judgment herein.

21.    Further, under the terms of the EFA, Sosumi promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Sosumi.

22.    The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral and apply the net proceeds from the sale to the remaining loan balance.  Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

## SECOND CAUSE OF ACTION

### (Breach of Personal Guaranty)

### (Against Held)

23.    Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

24.    Concurrent with the execution of the EFA, and in order to induce Balboa to enter into the EFA with Sosumi, Held personally guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Balboa under the terms of the EFA.  A true and correct copy of the written Personal Guaranty signed by Held (the "Guaranty") is attached as **Exhibit A (Page 1)** incorporated herein by reference.

25.    Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Guaranty, except as excused or prevented by the conduct of Held.

Salisian│Lee LLP

COMPLAINT

26.     Following a default by Sosumi under the terms of the EFA, Balboa demanded Held make the payments required under the EFA.  Held failed to meet the Guaranty obligations and make the payments required under the EFA.

27.     Pursuant to the terms of the Guaranty, the sum of $121,035.41, plus prejudgment interest from July 29, 2025, is due and payable to Balboa from Held. This Complaint, in addition to previous demands, shall constitute further demand upon Held to pay the entire indebtedness due and owing from Sosumi to Balboa under the terms of the EFA.

28.     Under the terms of the Guaranty, Held promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and the Guaranty.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Held.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

**On All Causes of Action:**

1.     The sum of $121,035.41;

2.     Prejudgment interest from July 29, 2025, to the date of entry of judgment;

3.     An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;

4.     Reasonable attorneys' fees and costs;

5.     Costs of suit as provided by law; and

//

//

//

//

//

Salisian|Lee LLP

COMPLAINT

6.     Such other and further relief that the Court considers proper.

DATED:   October 9, 2025                    SALISIAN LLP

By: _____
     Patty W. Chen
     Jared T. Densen
     Neal S. Salisian

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL
CORPORATION